# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-3565

_____

Emmanuel Tombari

*Plaintiff - Appellant*

v.

NOV Process & Flow Technologies US, Inc., doing business as NOV Tuboscope; National Oilwell Varco, L.P., also known as NOV Wellbore Technologies, doing business as Tuboscope; AMF Tuboscope; MYA Legacy, LLC; MBA Energy and Industrial, LLC; MBA General Contracting, LLC, doing business as MBA Construction Company

*Defendants - Appellees*

Mechanical Innovation, LLC

*Defendant*

Xtreme Electric Contractors, LLC; Richard V. Sargent, individually, doing business as Triple B Construction, doing business as Cougar Electric; Triple B Construction, LLC; Cougar Electric, LLC

*Defendants - Appellees*

neUdesign  Architects and Contractors

*Defendant*

John Does 1-3

*Defendant - Appellee*

_____

Submitted: October 21, 2025
Filed: February 25, 2026
[Published]
_____

Before SMITH, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

On June 29, 2018, Tombari was injured at his jobsite in North Dakota. He sued his employer and others in federal court, invoking diversity jurisdiction over exclusively state law claims. Tombari filed his complaint on June 21, 2024, and the summons was issued that same day. All defendants were variously served by private process servers between August 2, 2024, and August 15, 2024.

The defendants moved for judgment on the pleadings on the grounds that Tombari's claims were time-barred. The district court[1] agreed and dismissed Tombari's complaint with prejudice. Tombari appeals, asserting that the court erred when applying North Dakota law, rather than federal law, to dismiss his complaint. We review a district court's grant of judgment on the pleadings de novo, applying the same standard used to evaluate a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Ashley County v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009).

North Dakota law requires that a personal injury action like Tombari's "must be commenced within six years after the claim for relief has accrued[.]" N.D. Cent.

_____

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

-2-

Code § 28-01-16. In North Dakota, "[a]n action is commenced as to each defendant when the summons is served on that defendant[.]" Id. § 28-01-38. Under federal law, in contrast, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

The parties agree that Tombari filed his complaint before the statute of limitations had run. But it is undisputed that Tombari failed to *serve* any defendant until weeks after the statute of limitations expired. Thus, if North Dakota's definition of "commencement" applies, Tombari's complaint is untimely. If Federal Rule of Civil Procedure 3 applies, however, it is timely.

We have addressed this question before. In Brossart v. Janke, 859 F.3d 616, 628 (8th Cir. 2017), the plaintiffs, like Tombari, filed their complaint within North Dakota's statute of limitations. But, also like Tombari, they failed to serve the defendants until after the limitations period had passed. The district court dismissed the state law claims as time barred. Id. at 623. We affirmed. Id. ("[T]he Supreme Court [has] held that federal 'Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations.'" (quoting Walker v. Armco Steel Corp., 446 U.S. 740, 751 (1980))). In Walker, the Supreme Court explained that "state service requirements [] are an integral part of the state statute of limitations [and] should control in an action based on state law which is filed in federal court under diversity jurisdiction." Walker, 446 U.S. at 752–53. Brossart, relying on Walker, controls here.[2] Tombari's argument

_____

[2]There is no need to apply the Supreme Court's test for resolving conflicts between state and federal law because there is no conflict between North Dakota's service requirement and Federal Rule of Civil Procedure 3. See Hanna v. Plumer, 380 U.S. 460 (1965). Thus, Tombari's arguments based on Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393 (2010) are inapposite. Id. (applying Hanna's analysis where a majority of the Court found that there was a conflict between federal and state law); see also Walker, 446 U.S. at 753 ("There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of

-3-

that <u>Brossart</u> was wrongly decided is unavailing. <u>See</u> <u>United States v. Gammell</u>, 932 F.3d 1175, 1179 (8th Cir. 2019) ("[W]e are bound by prior panel decisions of our court[.]" (citing <u>Mader v. United States</u>, 654 F.3d 794, 800 (8th Cir. 2011) (en banc))).

The district court did not err in dismissing Tombari's complaint, and the judgment is affirmed.

_____

limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants.").